IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNY D. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10-00018 |
| | ) | Judge Campbell / Knowles |
| v. | ) | |
| | ) | |
| REGINA DIXON, CUMBERLAND | ) | |
| COUNTY, SHERIFF BUTCH BURGESS, | ) | |
| DEBBIE DIXON, and CUMBERLAND | ) | |
| COUNTY JUSTICE CENTER, | ) | |
| | ) | |
| Defendants.[1] | ) | |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

Pending before the Court is Defendants' Motion for Summary Judgment. Docket No. 27. Defendants have contemporaneously submitted a supporting Memorandum of Law (Docket No. 28), a Concise Statement of Material Facts (Docket No. 29), and the Affidavits of Regina Dixon (Docket No. 28-2) and Debbie Dixon (Docket No. 28-3). Defendants have also submitted a certified copy of the January 25, 2010 Order of the Criminal Court of Cumberland County rescinding Plaintiff's "cash only" bond. Docket No. 30-1.

Plaintiff has a filed a handwritten letter responding to Defendants' Motion (Docket No. 31), as well as a formal Response to Defendants' Motion (Docket No. 57). Plaintiff has not

---

[1] Defendant Regina Dixon was incorrectly named in the Complaint as "Regina Dunn-Dixon." Docket No. 27, p. 1. The Court will, therefore, refer to this Defendant as "Regina Dixon."

1

responded to Defendants' Statement of Material Facts.[2]

Plaintiff, an inmate at the Cumberland County Justice Center ("CCJC"), filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical services for his painful tooth and that he is the victim of "unlawful imprisonment" because he has been held without bond. Docket No. 1.

Importantly, Plaintiff has sued Defendants Cumberland County and Regina Dixon in their official capacities only. Docket No. 1, p. 4. Neither Plaintiff's Complaint, nor any of the attachments thereto, specifies the capacities in which Plaintiff sues Defendants CCJC, Butch Burgess, or Debbie Dixon.

Defendants filed the instant Motion and supporting materials on April 28, 2010, arguing that they are entitled to a judgment as a matter of law because: (1) the CCJC is not a separate legal entity amenable to being sued under 42 U.S.C. § 1983; (2) the "injunctive relief" sought by Plaintiff is moot in light of the January 25, 2010 Criminal Court bond Order;[3] (3) to the extent that Plaintiff may be suing Defendants in their individual capacities, Defendants are entitled to qualified immunity because they did not violate Plaintiff's constitutional rights; (4) Plaintiff has not alleged sufficient facts against Defendant Burgess to establish knowledge of a medical need;

---

[2] Plaintiff has filed his own "Statement of Facts" (Docket No. 45) in support of his own Motion for Summary Judgment (Docket No. 43). Defendants have responded to Plaintiff's "Statement of Facts." Docket No. 49. Plaintiff's "Statement of Facts" in support of his own Motion for Summary Judgment is not a response to Defendants' Concise Statement of Material Facts filed in support of the instant Motion for Summary Judgment.

[3] As best the Court can tell, Plaintiff's Complaint does not seek injunctive relief. With the Complaint, Plaintiff submitted two documents, both undated and both headed "To Whom It May Concern." Docket No. 1-1. The first of these documents discusses Plaintiff's tooth problems, while the second discusses his alleged unlawful imprisonment. Neither of these documents seeks injunctive relief.

2

(5) to the extent that Plaintiff's Complaint sues Defendants in their official capacities, Plaintiff has failed to allege that an official policy or well established custom of Cumberland County was the moving force behind the alleged constitutional violation; and (7) there is no vicarious liability in § 1983 cases. Docket Nos. 27-29.

Plaintiff argues in his hand-written Response that he is not "being looked at by qualified people." Docket No. 31. Specifically, Plaintiff complains that he has been treated by an assistant to a Physician's Assistant, and not by an "Oral Dentist." *Id.* He avers that he was notified that he could have his tooth pulled while at the CCJC, but that, he "would have to wait till [he] went to prison if [he] wanted it fixed, not pulled." *Id.* Plaintiff states that he was told by Defendant Debbie Dixon that she would talk to the nurse "about this," but that it took her "almost 90 days" to do so. *Id.*

Plaintiff argues in his typewritten Response that Defendants Regina Dixon and Debbie Dixon are not entitled to qualified immunity because they are county employees, not state employees. Docket No. 57. Plaintiff additionally argues that Defendants Regina Dixon and Debbie Dixon "knowingly allowed the Plaintiff to languish in pain for (72) days before he was allowed to see an assistant Physician then the assistant told the Plaintiff the jail would not allow him to fill teeth, even though he agreed that the Plaintiff's tooth could be saved." *Id.* Plaintiff maintains that "the Dentist who saw the Plaintiff also said that the Jail would not pay to fill teeth because of money concerns." *Id.* Plaintiff contends that Defendant Debbie Dixon told Plaintiff he could "buy pain medication from [the] commissary and if he didn't have money for commissary he should 'Trade his food for pain medication.'" *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Motion

for Summary Judgment be GRANTED.

## II. Undisputed Facts[4]

On April 21, 2010, physician assistant Lyall Craft saw Plaintiff for complaints of dental pain. PA Craft's notes indicate that Plaintiff had a possible small cavity on the right side between two of his upper teeth. Plaintiff's gums were not red or swollen, and Plaintiff did not complain of pain. Plaintiff indicated to PA Craft that he wanted to get the tooth filled, and not pulled.

After the examination, PA Craft advised Plaintiff that he should advise medical if his tooth became painful and he wanted it pulled. Plaintiff expressed that he wished to delay treatment until he could have the tooth filled, possibly when he was transferred to prison.

Plaintiff's name was placed on the list of inmates to see the dentist, and he was scheduled for an appointment on April 30, 2010. The dentist decides the treatment needed for Plaintiff's tooth. Defendants have no control over the treatment provided by the dentist. Plaintiff had the choice whether to go to the appointment and/or receive treatment, but he would have the opportunity to discuss different treatment options with the dentist.

On April 21, 2010, Plaintiff requested twelve Ibuprofen tablets from the jail commissary, which he could request and receive weekly.

A January 25, 2010, Order of the Criminal Court of Cumberland County lifted Plaintiff's "cash only" requirement from his bond. Even with the cash requirement lifted, Plaintiff did not have the resources to make bond. Plaintiff does not allege that he could have made bond, but for

---

[4] The following facts are set forth in Defendants' Statement of Material Facts (Docket No. 29), to which Plaintiff did not respond.

4

the cash requirement.

## III. Analysis

### A. Local Rules 56.01(c) and (g)

With respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such

5

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

### C. 42 U.S.C. § 1983

Plaintiff alleges violations of his rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1.

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## D. The Case at Bar

As discussed above, Plaintiff explicitly indicates in his Complaint that he sues Defendants Cumberland County and Regina Dixon in their official capacities only.[5] Docket No.

---

[5] Plaintiff alleges in his Response that he has sued Defendants Regina Dixon and Debbie Dixon in their individual and official capacities. Docket No. 57, p. 2. That statement, however, is not correct.

1. Plaintiff did not explicitly state in his Complaint the capacity in which he sues Defendants CCJC, Butch Burgess, and Debbie Dixon. *Id.* Because Plaintiff failed to explicitly indicate in his Complaint the capacities in which he sues Defendants CCJC, Burgess, and Dixon, he is deemed to have sued them in their official capacities only. *See Shepard v. Wellman*, 313 F. 3d 963, 976 (6th Cir. 2002); *Wells v. Brown*, 891 F. 2d 591, 592 (6th Cir. 1989).

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id.*

In the case at bar, Defendants stand in the shoes of the entity they represent, namely Cumberland County, Tennessee. In order to hold Cumberland County liable for a constitutional deprivation, however, Plaintiff must establish a direct causal link between a municipal policy, practice, or custom and the alleged violation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff does not allege, much less has he demonstrated, that Defendants acted according to any municipal policy, practice, or custom attributable to Cumberland County, Tennessee. Accordingly, there is no genuine issue as to any material fact, and Defendants are entitled to a judgment as a matter of law.

For the reasons discussed above, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge